*E-FILED - 5/7/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| Plaintiff, | ) | |
| | ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) | |
| | ) | |
| JASMINE A. TEHRANI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The court will order service of the complaint upon defendants based on plaintiff's cognizable claim against them and dismiss the other claim.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

### 1.   Retaliation

Plaintiff claims that defendant Murphy created an incorrect psychological evaluation in preparation for plaintiff's 2008 parole consideration hearing. Plaintiff states that defendant Murphy created a false report in order to retaliate against him for filing prison grievances and for exercising his First Amendment right to create literary works. Plaintiff further claims that defendant Tehrani, chief psychologist, was responsible as supervisor and was aware of Murphy's deliberate errors.

Liberally construed, plaintiff states a cognizable claim of First Amendment retaliation.

### 2.   False psychological evaluation

Plaintiff alleges that Murphy intentionally lied in his evaluation. Further, plaintiff states the Board of Parole Hearings used Murphy's evaluation as one factor to deny plaintiff parole.

However, plaintiff's allegation fails to state a cognizable claim for relief. 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has not stated, and the court is unaware of, any federal or constitutional violation regarding the creation of an alleged false psychological evaluation.

Further, to be liable under § 1983, the defendant's actions must have caused the alleged

1   violation. See Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). Liability
2   may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that
3   the defendant proximately caused the deprivation of a federally protected right. See Leer v.
4   Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
5       To the extent plaintiff alleges the evaluation resulted in a denial of parole, he cannot
6   satisfy the requirement of causation because he concedes that the evaluation was but one of the
7   factors used to deny parole. Further, to the extent plaintiff wishes to attack the denial of his
8   parole as not based on "some evidence," plaintiff's proper course of action is to file a habeas
9   petition rather than a civil rights complaint.
10      Although the court generally grants leave to amend, here, plaintiff fails to allege a
11  violation of a federal right and, therefore, states no cognizable claim regarding the creation of an
12  alleged false pscyhological evaluation report. Accordingly, this claim is DISMISSED without
13  leave to amend.

## CONCLUSION

15      For the foregoing reasons, the court hereby orders as follows:
16      1.    Plaintiff's claim regarding retaliation is cognizable, when liberally construed.
17  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment
18  of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies
19  of this order on **Jasmine A. Tehrani, Chief Psychologist** and **James P. Murphy**, **Psychologist,**
20  at the **Board of Parole Hearings**, Forensic Assessment Division/Lifer Unit, 1100 11th Street,
21  4th Floor, Sacramento, CA. The clerk shall also serve a copy of this order on plaintiff and mail a
22  courtesy copy of the complaint to the California Attorney General's Office.
23      3.    No later than **ninety (90) days** from the date of this order, defendants shall file a
24  motion for summary judgment or other dispositive motion.
25      a.    If defendants elects to file a motion to dismiss on the grounds that plaintiff
26  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
27  defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315

F.3d 1108, 1119-20 (9th Cir. 2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

    a.    In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

5.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.     All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

9.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  5/6/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge