IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. HALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JASMINE A. TEHRANI, et al.,<br><br>　　　　Defendants. | No. C 09-0057 RMW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY; GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT; GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME<br><br>(Docket Nos. 35, 40, 43) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S. C. § 1983. Pending before the court are plaintiff's motion to compel discovery, plaintiff's motion to amend his complaint, and defendants' motion for an extension of time to file a dispositive motion.

On October 11, 2009, plaintiff served discovery requests on defendant Tehrani. When, by December 18, 2009, defendant had not responded to plaintiff's discovery requests, plaintiff filed the instant motion to compel. Plaintiff may file a motion to compel discovery, however, only after he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A) (providing motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Because plaintiff is detained, he is not required to meet and confer with defendant in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendant to that effect, offering her one last opportunity

to provide him with the sought-after information. As plaintiff has not filed the requisite certification showing he has met and conferred with defendant about her non-disclosure, the motion to compel will be DENIED without prejudice as premature.

On January 5, 2010, plaintiff filed a motion to amend his complaint to include supplemental but relevant information to his claims. The court GRANTS plaintiff's motion. Plaintiff shall file an amended complaint within **thirty days** of the filing date of this order. The amended complaint supersedes the initial complaint. The amended complaint may not incorporate by reference any parts of the original complaint or filings in another action. The amended complaint must be a completely new and self-contained document. **Failure to file an amended complaint within the specified time will result in the court proceeding on the originally filed complaint.**

On January 21, 2010, defendants filed a second motion for extension of time to file a dispositive motion. Good cause appearing, the court GRANTS defendants' motion for extension of time. However, the court will not favor any additional extensions of time. The time in which defendants may file their dispositive motion will be extended up to and including **March 22, 2010**. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** after the date defendants' motion is filed. If defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date plaintiff's opposition is filed.

This order terminates docket nos. 35, 40, and 43.

IT IS SO ORDERED.

Dated: 2/8/10

RONALD M. WHYTE
United States District Judge

Order Denying Plaintiff's Motion to Compel Discovery; Granting Plaintiff's Motion to Amend Complaint; Granting Defendants' Motion for Extension of Time
P:\PRO-SE\SJ.Rmw\CR.09\Hall057misc.wpd         2