1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 6/29/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD GARY HALL, JR.,     )    No. C 09-0057 RMW (PR)
                     )
       Plaintiff,    )    ORDER OF PARTIAL
                     )    DISMISSAL; DIRECTING
   v.                )    DEFENDANTS TO FILE
                     )    DISPOSITIVE MOTION OR
JASMINE A. TEHRANI, et al.,    )    NOTICE REGARDING SUCH
                     )    MOTION; ADDRESSING
       Defendants.   )    PENDING MOTIONS
_____)

     Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42

U.S.C. § 1983.  Plaintiff filed a first amended complaint.  After reviewing the amended

complaint, the court will order service of the amended complaint upon defendants based on

plaintiff's cognizable claim against them and dismiss the other claim.  The court also will

address plaintiff's pending motions below.

**DISCUSSION**

A.    <u>Initial Screening of Amended Complaint</u>

     1.    <u>Standard of Review</u>

     A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  <u>See</u>

28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

2. Plaintiff's Claims

Cognizant of defendants' assertion that plaintiff raises additional claims of a violation of his equal protection and due process rights in his amended complaint, the court disagrees and liberally construes plaintiff's amended complaint as having only raised the stated claims below. (Docket No. 59 at 2.)

a. **Retaliation**

Plaintiff claims that defendant Murphy created an incorrect psychological evaluation in preparation for plaintiff's 2008 parole consideration hearing.  Plaintiff states that defendant Murphy created a false report in order to retaliate against him for filing prison grievances and for exercising his First Amendment right to create literary works.  Plaintiff further claims that defendant Tehrani, chief psychologist, was responsible as supervisor and was aware of Murphy's deliberate errors.

Liberally construed, plaintiff states a cognizable claim of First Amendment retaliation.

b. **False psychological evaluation**

Plaintiff alleges that Murphy intentionally lied in his evaluation.  Further, plaintiff states the Board of Parole Hearings used Murphy's evaluation as one factor to deny plaintiff parole. For the reasons stated in this court's May 7, 2009 order, this claim is DISMISSED without leave to amend for failure to state a cognizable claim for relief.

B.      Plaintiff's Motion Requesting the Court Review all Discovery Requests

Plaintiff requests this court review all of his propounded discovery requests on defendants in order to determine their relevancy to the instant case.  For the reasons stated in the court's February 9, 2010 order denying plaintiff's motion to compel discovery, plaintiff's motion is DENIED without prejudice.  Unless and until plaintiff files the requisite certification demonstrating that he has conferred with defendants making known his intention to file a motion to compel, the court will not interfere with discovery matters.  However, defendants are encouraged to respond to plaintiff's discovery requests, if appropriate, in a thorough and timely manner.

C.      Motion Requesting the Court Issue its Own Subpoena on a Non-Party

Plaintiff requests the court to issue a subpoena on Barry Goldstein, CEO of American Correctional Solutions, Inc.  The court may compel a party or nonparty to comply with a discovery request, but such an order presupposes the existence of a valid discovery request.  Here, even assuming that plaintiff's request is relevant to the underlying retaliation claim, plaintiff has not shown that he has made any valid discovery requests for which he has not received appropriate responses.

Further, the court cannot compel nonparties to provide plaintiff with information but can order them to produce documents if properly requested.  Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum.  See Fed. R. Civ. P. 34(c), 45(a).  In order to do so, plaintiff must fill out subpoena forms and ensure that each person is served with the subpoena by a non-party.  The court will consider ordering the United States Marshal to serve a subpoena duces tecum on a non-party if plaintiff submits to the court a completed subpoena form and any requisite fee.  The form must describe the items to be produced with reasonable particularity and designate a reasonable time, place and manner for their production.  See Fed. R. Civ. P. 34(b).

Accordingly, the plaintiff's motion is DENIED without prejudice.  The Clerk shall include a blank subpoena form for plaintiff's use should he wish to use it.

1   D.      Motion for Leave to Amend Complaint for a Second Time

2           Plaintiff requests leave to amend his complaint for a second time in order to "more

3   efficiently restate his retaliation claim and to cure still existent deficiencies." The court has

4   already concluded that plaintiff's first amended complaint states a cognizable claim of

5   retaliation. Accordingly, plaintiff's motion is DENIED as unnecessary.

6   E.      Motion Requesting the Court Deny Defendants' Waiver of Reply

7           On March 22, 2010, defendants filed a motion requesting the court to screen plaintiff's

8   amended complaint, as well as a notification that defendants' waive their reply under 42 U.S.C.

9   § 1997e(g). Defendants' motion is GRANTED. The court has re-screened plaintiff's amended

10  complaint. Plaintiff's motion requesting that the court deny defendants' waiver of reply is

11  DENIED.

12                                          **CONCLUSION**

13          For the foregoing reasons, the court hereby orders as follows:

14          1.      When liberally construed, plaintiff's claim regarding retaliation is cognizable.

15  The clerk shall serve copies of this order on **Jasmine A. Tehrani, Chief Psychologist** and

16  **James P. Murphy**, **Psychologist,** who are currently represented by counsel. The clerk shall also

17  serve a copy of this order on plaintiff.

18          2.      Plaintiff's motion requesting the court to review all discovery requests is

19  DENIED without prejudice. Plaintiff's motion requesting the court to issue its own subpoena on

20  a non-party is DENIED without prejudice. Defendants' motion that the court screen plaintiff's

21  amended complaint is GRANTED. Plaintiff's motion for leave to amend his complaint is

22  DENIED as unnecessary. Plaintiff's motion requesting the court deny defendants' waiver of

23  reply is DENIED.

24          3.      No later than **sixty (60) days** from the date of this order, defendants shall file a

25  motion for summary judgment or other dispositive motion.

26                  a.      If defendants elects to file a motion to dismiss on the grounds that plaintiff

27  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

28

Order of Partial Dismissal; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.09\Hall057srvmisc.wpd        4

1  defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315

2  F.3d 1108, 1119-20 (9th Cir. 2003).

3          b.    Any motion for summary judgment shall be supported by adequate factual

4  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

5  Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

6  **<u>qualified immunity found, if material facts are in dispute. If any defendants are of the</u>**

7  **<u>opinion that this case cannot be resolved by summary judgment, they shall so inform the</u>**

8  **<u>court prior to the date the summary judgment motion is due.</u>**

9        4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and

10  served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

11          a.    In the event defendants file an unenumerated motion to dismiss under

12  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

13        The defendants have made a motion to dismiss pursuant to Rule 12(b) of
14  the Federal Rules of Civil Procedure, on the ground you have not exhausted your
administrative remedies. The motion will, if granted, result in the dismissal of
15  your case. When a party you are suing makes a motion to dismiss for failure to
exhaust, and that motion is properly supported by declarations (or other sworn
16  testimony) and/or documents, you may not simply rely on what your complaint
says. Instead, you must set out specific facts in declarations, depositions, answers
17  to interrogatories, or documents, that contradict the facts shown in the defendant's
declarations and documents and show that you have in fact exhausted your
18  claims. If you do not submit your own evidence in opposition, the motion to
dismiss, if appropriate, may be granted and the case dismissed.

19          b.    In the event defendants file a motion for summary judgment, the

20  Ninth Circuit has held that the following notice should be given to plaintiffs:

21        The defendants have made a motion for summary judgment by which
they seek to have your case dismissed. A motion for summary judgment under
22  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

23        Rule 56 tells you what you must do in order to oppose a motion for
summary judgment. Generally, summary judgment must be granted when there is
24  no genuine issue of material fact--that is, if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary
25  judgment is entitled to judgment as a matter of law, which will end your case.

26  _____

27      [1] The following notice is adapted from the summary judgment notice to be given to pro se
prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u>
28  <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion;
Addressing Pending Motions
P:\PRO-SE\SJ.Rmw\CR.09\Hall057srvmisc.wpd     5

1
2
3
4
5

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

6
7   See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read
8   Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317
9   (1986) (holding party opposing summary judgment must come forward with evidence showing
10  triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that
11  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
12  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
13  without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

14        5.      Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's
15  opposition is filed.

16        6.      The motion shall be deemed submitted as of the date the reply brief is due. No
17  hearing will be held on the motion unless the court so orders at a later date.

18        7.      All communications by the plaintiff with the court must be served on defendant,
19  or defendant's counsel once counsel has been designated, by mailing a true copy of the
20  document to defendant or defendant's counsel.

21        8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
22  No further court order is required before the parties may conduct discovery.

23        9.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
24  and all parties informed of any change of address and must comply with the court's orders in a
25  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
26  pursuant to Federal Rule of Civil Procedure 41(b).

27        This order terminates docket numbers 50, 56, 59, 64, and 66.

28

1    IT IS SO ORDERED.

2    DATED: _____6/29/10_____

       _____
       RONALD M. WHYTE
       United States District Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28