***E-FILED - 10/5/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| Plaintiff, | ) ) | ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) ) ) | |
| JASMINE A. TEHRANI, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint. Thereafter, plaintiff filed a second amended complaint. After reviewing the second amended complaint, the court will order service upon defendants based on plaintiff's cognizable claim against them.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2.  Plaintiff's Claims

A review of plaintiff's second amended complaint reveals the same cognizable claims that court found in both his original and first amended complaints. Liberally construed, the court concludes plaintiff's second amended complaint raises only the cognizable claim of retaliation as stated below.

**a.  Retaliation**

Plaintiff claims that defendant Murphy created an false psychological evaluation in preparation for plaintiff's 2008 parole consideration hearing. Plaintiff states that defendant Murphy created this report in retaliation against him for filing prison grievances and for exercising his First Amendment right to create literary works. Plaintiff further claims that defendant Tehrani, chief psychologist, was responsible as supervisor and was aware of Murphy's deliberate errors.

Liberally construed, plaintiff states a cognizable claim of First Amendment retaliation.

**b.  False psychological evaluation**

Plaintiff also alleges that Murphy intentionally lied in his evaluation. Further, plaintiff states the Board of Parole Hearings used Murphy's evaluation as one factor to deny plaintiff parole. The majority of plaintiff's allegations regarding this evaluation appears to argue that the Board should have granted him parole rather than rely on this false evaluation. As the court initially stated in its May 7, 2009 order, plaintiff has not stated, and the court is unaware of, any federal or constitutional violation regarding the creation of an alleged false psychological evaluation. To the extent plaintiff wishes to attack the denial of his parole as not based on "some evidence," his proper course of action is to file a habeas petition rather than a civil rights complaint.

Although the court generally grants leave to amend, here, plaintiff fails to allege a violation of a federal right regarding Murphy's creation of a psychological evaluation report. Accordingly, this claim is DISMISSED without leave to amend.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.  No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.

    a.  If defendants elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

2.  Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

    a.  In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

    > The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Hall057srvSAC.wpd            3

1  declarations and documents and show that you have in fact exhausted your
   claims.  If you do not submit your own evidence in opposition, the motion to
2  dismiss, if appropriate, may be granted and the case dismissed.

3          b.      In the event defendants file a motion for summary judgment, the
4  Ninth Circuit has held that the following notice should be given to plaintiffs:

5          The defendants have made a motion for summary judgment by which
   they seek to have your case dismissed.  A motion for summary judgment under
6  Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

7          Rule 56 tells you what you must do in order to oppose a motion for
   summary judgment.  Generally, summary judgment must be granted when there is
8  no genuine issue of material fact--that is,  if there is no real dispute about any fact
   that would affect the result of your case, the party who asked for summary
9  judgment is entitled to judgment as a matter of law, which will end your case.
   When a party you are suing makes a motion for summary judgment that is
10 properly supported by declarations (or other sworn testimony), you cannot simply
   rely on what your complaint says.  Instead, you must set out specific facts in
11 declarations, depositions, answers to interrogatories, or authenticated documents,
   as provided in Rule 56(e), that contradict the facts shown in the defendants'
12 declarations and documents and show that there is a genuine issue of material fact
   for trial.  If you do not submit your own evidence in opposition, summary
13 judgment, if appropriate, may be entered against you.  If summary judgment is
   granted in favor of defendants, your case will be dismissed and there will be no
14 trial.

15 See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

16 Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

17 (1986) (holding party opposing summary judgment must come forward with evidence showing

18 triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

19 failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

20 consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

21 without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam).

22      3.      Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

23 opposition is filed.

24      4.      The motion shall be deemed submitted as of the date the reply brief is due.  No

25 hearing will be held on the motion unless the court so orders at a later date.

26      5.      All communications by the plaintiff with the court must be served on defendant,

27 or defendant's counsel once counsel has been designated, by mailing a true copy of the

28 document to defendant or defendant's counsel.

Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Hall057srvSAC.wpd      4

1    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
2 No further court order is required before the parties may conduct discovery.
3    7.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
4 and all parties informed of any change of address and must comply with the court's orders in a
5 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
6 pursuant to Federal Rule of Civil Procedure 41(b).

7    IT IS SO ORDERED.
8 DATED: 10/4/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Hall057srvSAC.wpd    5