*E-FILED - 1/27/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARY HALL, JR., | No. C 09-0057 RMW (PR) |
| Plaintiff, | ORDER ADDRESSING PENDING MOTIONS |
| v. | |
| JASMINE A. TEHRANI, et al., | (Docket Nos. 79, 81, 83, 84, 87, 90) |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court served plaintiff's second amended complaint. The court addresses the following pending motions below.

A.   Motion for extension of time for defendants to file their dispositive motion

Both parties request the court to extend the deadline date for defendants to file their dispositive motion. The motions are GRANTED. No later than **January 31, 2011**, defendants shall file their dispositive motion. Plaintiff shall file his opposition within **thirty days** of the filing date of their motion. Defendants shall file their reply **fifteen days** thereafter.

B.   Motion for protective order

Plaintiff requests the court to grant him a protective order "to prevent defendant's [sic] from staying or interdicting plaintiff's discovery efforts." (Mot. at 1.) Federal Rule of Civil Procedure 26(c) provides that a party may move for a protective order against another who is

seeking discovery against him to prevent "annoyance, embarassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, plaintiff is not suggesting that he needs protection from defendants because they are seeking discovery from him that would cause him embarassment, oppression, or undue burden. Rather, it appears that he is seeking an order preventing defendants from filing any motion that might interfere or delay his discovery quests. Rule 26(c) is not applicable in this instance. Plaintiff's motion is DENIED.

C.   <u>Motion to compel</u>

On December 3 and December 6, 2010, plaintiff filed two motions to compel. Specifically, plaintiff seeks a court order instructing defendants to comply with several particular discovery requests. Plaintiff may file a motion to compel discovery only after he satisfies the "meet and confer" requirements of the discovery rules. <u>See</u> Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Because plaintiff is detained, however, he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied and he intends to seek a motion to compel he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information. Unless and until plaintiff files the requisite certification demonstrating that he has conferred with defendants making known his intention to file a motion to compel, the court will not interfere with discovery matters. However, defendants are encouraged to respond to plaintiff's discovery requests, if appropriate, in a thorough and timely manner. At this time, the motion to compel will be DENIED without prejudice as premature.

D.   <u>Motion for clarification and reconsideration of partial dismissal</u>

In its October 5, 2010 order directing the defendants to file a dispositive motion, the court found that plaintiff raised a cognizable claim of retaliation. Plaintiff claims that the order "truncated" his retaliation claim and asks that the court correct it. A review of the court's October 5, 2010 order reveals that it encompasses plaintiff's stated retaliation claim. However, out of an abundance of caution, the court specifies that plaintiff's retaliation claim includes the

P:\PRO-SE\SJ.Rmw\CR.09\Hall057misc2.wpd     2

allegation that defendants retaliated against him for (1) filing prison grievances and for exercising his right to petition the court, and (2) exercising his First Amendment right to create literary and editorial cartoon works.  Plaintiff's motion for clarification is GRANTED.

Plaintiff also asks the court to reconsider its dismissal of defendant Murphy's false psychological evaluation as a cognizable federal constitutional claim.  In the court's October 5, 2010 order, the court stated that it was unaware of, any federal or constitutional violation regarding the creation of an alleged false psychological evaluation.  It advised the plaintiff that, to the extent he wished to attack the denial of his parole as not based on "some evidence," his proper course of action would be to file a habeas petition rather than a civil rights complaint.  However, in his motion, plaintiff insists that he is not challenging the fact or duration of his confinement.  Moreover, he alleges that he does state a cognizable claim for relief because he has a liberty interest in parole.

California's statutory scheme creates a presumption that parole release will be granted unless the statutorily defined determinations are made.  McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002).  Because California prisoners have a constitutionally protected liberty interest in release on parole, they cannot be denied a parole date (i.e., the parole board cannot decline to grant a parole date and cannot rescind an already-granted parole date) without adequate procedural protections necessary to satisfy due process.  See Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc).  The United States Supreme Court has held that due process is satisfied in the context of a hearing to set a parole date where a prisoner is afforded notice of the hearing, an opportunity to be heard and, if parole is denied, a statement of the reasons for the denial.  Hayward, 603 F.3d at 560 (citing Greenholtz, 442 U.S. at 16).  In California, a prisoner is entitled to release on parole unless there is "some evidence" of current dangerousness.  Hayward, 603 F.3d at 562; In re Lawrence, 44 Cal. 4th 1181, 1210 (2008).

Plaintiff confirms that he does not claim that he should have received a parole date or that he was entitled to a parole grant.  Plaintiff does not allege that he was not afforded notice of the hearing or an opportunity to be heard.  Nor does Plaintiff claim that there was not "some

evidence" to deny him parole. As this court stated in its earlier order, plaintiff's claim that Murphy created a false psychological evaluation is not cognizable. Accordingly, plaintiff's motion to reconsider the dismissal of his "false psychological evaluation" claim as a stand-alone constitutional claim is DENIED.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The parties' motion for extension of time for the defendants to file their dispositive motion is GRANTED. No later than **January 31, 2011**, defendants shall file their dispositive motion. Plaintiff shall file his opposition within **thirty days** of the filing date of their motion. Defendants shall file their reply **fifteen days** thereafter. (Docket Nos. 79, 87.)

2. Plaintiff's motion for a protective order is DENIED. (Docket No. 81.)

3. Plaintiff's motions to compel are DENIED. (Docket No. 84, 90.)

4. Plaintiff's motion for clarification and for reconsideration is GRANTED in part and DENIED in part. (Docket No. 83.)

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/25/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge