*E-FILED - 7/29/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING IN PART PLAINTIFF'S MOTIONS TO |
| v. | ) ) | COMPEL |
| JASMINE A. TEHRANI, et al., | ) | (Docket Nos. 106, 109) |
| Defendants. | ) ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court found that plaintiff asserted one cognizable claim against defendants; that is, that defendants retaliated against him by creating a false psychological report because plaintiff filed prison grievances, exercised his right to petition the court, and exercised his right to create literary and editorial cartoon works. On December 27, 2010, defendants filed a motion to dismiss, and in the alternative, a motion for summary judgment. On April 14, 2011, and May 24, 2011, plaintiff filed motions to compel discovery. On June 8, 2011, defendants filed their opposition. Plaintiff has not filed a response. For the reasons stated below, the court DENIES in part plaintiff's motions to compel.

## DISCUSSION

Plaintiff moves to compel discovery on the grounds that defendants' responses to his requests for production of documents, numbers 4 and 5, are inadequate. Defendants oppose the motion, claiming official privilege and irrelevance in response to number 4, and compliance with

Order Denying in Part Plaintiff's Motions to Compel
P:\PRO-SE\SJ.Rmw\CR.09\Hall057mtc.wpd

number 5.

In request for production of documents number four, plaintiff asked defendants to produce:

> Copy of actual questions [Defendant Murphy] asked plaintiff during [the] March 3, 2008 interview with him and his actual responses to those questions.

(Pl. Mot. to Compel (Doc. 109), Ex. 2.) Defendants object to the request on the basis that it is not relevant to the claims, and, furthermore is subject to official privilege.

The federal rules allow liberal discovery. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The party resisting discovery has the burden of establishing lack of relevance or undue burden. Oleson v. Kmart Corp., 175 F.R.D. 560, 565 (D. Kan. 1997). The resisting party must demonstrate that the documents are not relevant under the broad scope of relevance provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, or that the documents are "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure . . . ." Burke v. New York City Police Dept., 115 F.R.D. 220, 224 (S.D.N.Y. 1987). A recitation that the discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). The party resisting discovery must instead "'show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" Josephs, 677 F.2d at 992 (quoting Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)).

Official information privilege is one of federal common law. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." Id. at 1033-34. The balancing test "is moderately pre-weighted in favor of disclosure." Kelly v. San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." Kerr v. United States Dist. Ct. for the Northern Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975). Kerr requires

1  that to allow the court to decide whether the official information privilege applies, defendants
2  must provide with their objection a declaration or affidavit containing (1) an affirmation that the
3  agency generated or collected the material in issue and has in fact maintained its confidentiality,
4  (2) a statement that the official has personally reviewed the material in question, (3) a specific
5  identification of the governmental or privacy interests that would be threatened by disclosure of
6  the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a
7  carefully crafted protective order would create a substantial risk of harm to significant
8  governmental or privacy interests, and (5) a projection of how much harm would be done to the
9  threatened interests if the disclosure were made.  <u>Kelly</u>, 114 F.R.D. at 670.  If the court
10 concludes that defendants failed to satisfy its threshold burden, the court should order defendants
11 to disclose the requested material.  <u>Id.</u> at 671.  If defendants made a sufficient threshold showing,
12 the court should "order an in camera review and offer defendant[s] an opportunity to submit a
13 brief and additional supporting material (e.g., a supplemental affidavit)."  <u>Id.</u>

14      Defendants have submitted a declaration from Dr. C. Kusaj, Chief Psychologist for the
15 California Department of Corrections and Rehabilitations' Board of Parole Hearings, which
16 appears to satisfy the factors set forth above.  (Decl. Lewis, Ex. A.)  Thus, defendants are
17 directed to file under seal for <u>in</u> <u>camera</u> review, no later than **thirty (30) days** from the filing
18 date of this order, documents demonstrating the questions asked and answers given during
19 plaintiff's March 3, 2008 interview with Defendant Murphy.  Defendants shall also file with the
20 court and serve on plaintiff a proposed protective order and any additional supporting material.
21 Within **thirty days** of plaintiff's receipt of said papers, he shall file with the court and serve on
22 defendants a response thereto, at which time the matter will be submitted for the court's review.
23 After considering all matters pertinent to the dispute, the court will enter its ruling.

24      In his request for production of documents number five, plaintiff asked defendants to
25 produce:

> Copy of [Defendant Murphy's] credentials which verify that [he] is trained and
> therefore qualified to administer the Hare Psychopathy checklist Revised (PCL-
> R) upon California life inmates such as plaintiff.

28 (Pl. Mot. to Compel (Doc. 109), Ex. 2.)  Defendants object to the request on the basis that they

1 have complied.  The court finds that defendants have complied with Rule 34 by adequately and
2 appropriately providing responses to plaintiff's request.  Rule 34 only allows plaintiff to make a
3 request within the scope of Rule 26(b) for production of documents "in the responding party's
4 possession, custody, or control." Fed. R. Civ. P. 34(a)(1)(A).  Defendants have responded that
5 they have exhausted their search and produced all responsive materials regarding Murphy's
6 qualifications.  Without evidence from plaintiff that defendants are withholding additional
7 relevant documents responsive to his request, the court finds no basis upon which to compel
8 production by defendants. Therefore, the motion to compel documents in response to request
9 number 5 shall be DENIED.

10      Plaintiff has filed a motion for sanctions, on the ground defendant improperly refused to
11 produce the documents in response to requests numbers 4 and 5.  As the court has found
12 defendants have met the threshold requirements for proper invocation of privilege for request
13 number 4, and that defendants have complied with request number 5, the motion for sanctions
14 will be DENIED.

## CONCLUSION

16      Plaintiff's motions to compel are DENIED in part and RESERVED in part.  Defendants
17 shall file under seal for <u>in camera</u> review, no later than **thirty (30) days** from the filing date of
18 this order, documents demonstrating the questions asked and answers given during plaintiff's
19 March 3, 2008 interview with Defendant Murphy.  Defendants shall also file with the court and
20 serve on plaintiff a proposed protective order and any additional supporting material.  Within
21 **thirty days** of plaintiff's receipt of said papers, he shall file with the court and serve on
22 defendants a response thereto, at which time the matter will be submitted for the court's review.
23      Plaintiff's motion for sanctions is DENIED.
24      IT IS SO ORDERED.
25 DATED: 7/28/11

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Plaintiff's Motions to Compel
P:\PRO-SE\SJ.Rmw\CR.09\Hall057mtc.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD G HALL,

        Plaintiff,

  v.

JASMINE A TEHRAN et al,

        Defendant.

Case Number: CV09-00057 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Gary Hall C-07278
Correctional Training Facility
P.O. Box 689
YW-343up
Soledad, CA 93960-0689

Dated: July 29, 2011

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk