IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION TO DISMISS; DENYING |
| v. | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT WITHOUT |
| JASMINE A. TEHRANI, et al., | ) | PREJUDICE |
| | ) | |
| Defendants. | ) | (Docket Nos. 94, 111, 131) |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Upon initial screening, the court found that plaintiff asserted one cognizable claim against defendants; that is, that defendants retaliated against him by creating a false psychological report because plaintiff filed prison grievances, exercised his right to petition the court, and exercised his right to create literary and editorial cartoon works. On December 27, 2010, defendants filed a motion to dismiss, and in the alternative, a motion for summary judgment. On August 29, 2011, the court directed plaintiff to file an opposition to the motion to dismiss within thirty days. On September 19, 2011, plaintiff requested an extension of time to file his opposition. Because the court is denying the motion to dismiss, plaintiff's motion for an extension of time to file his opposition to the motion to dismiss is DENIED as unnecessary. For the reasons stated below, the court DENIES defendants' motion to dismiss, and DENIES defendants' motion for summary judgment without prejudice.

**DISCUSSION**

I.      Motion to Dismiss

Defendants argue that plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Specifically, defendants assert that plaintiff's suit, if successful, would necessarily imply the invalidity of the denial of his parole, which is impermissible.

Heck stated that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. Id. at 487. When a state prisoner seeks damages in a Section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit such as abstaining in response to parallel state-court proceedings. Id. at 487 & n.8 (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)).

Likewise, a challenge to the denial of parole, whether based upon procedural defects in the parole hearing, or upon allegations that parole was improperly denied on the merits, directly implicates the validity of the prisoner's continued confinement. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). Similarly, a challenge to the denial of parole by inmates convicted of certain offenses, based upon allegations of deceit and bias in the administration of the state's parole statutes, implies the invalidity of the inmates' confinement "insofar as their prolonged incarcerations are due to the purported bias of state officials." McQuillion v. Schwarzenegger,

1   369 F.3d 1091, 1097-98 (9th Cir. 2004) (disclaimer in complaint that the inmates "do not seek
2   relief that implicates the continuing validity of their confinement" does not take their claims
3   outside of Heck's bar).  Therefore, Heck does not permit a challenge to the procedures used in a
4   denial of parole unless the parole board's decision has been reversed, expunged, set aside or
5   called into question.  See id.

6        Plaintiff's second amended complaint initially asserted that (1) his right to due process
7   was violated because defendants created a false psychological report, and (2) that defendants
8   retaliated against him with that false psychological report for filing complaints and creating
9   literary works.  The court previously dismissed his due process claim.  The argument can
10  certainly be made that plaintiff is attempting to use the retaliation claim in order to challenge the
11  denial of his parole, as defendants imply.  However, although the court must liberally construe
12  plaintiff's second amended complaint, the court cannot and should not infer a different cause of
13  action when plaintiff has clearly stated a cognizable claim of retaliation.  See Bogovich v.
14  Sandoval, 189 F.3d 999, 1001 (9th Cir. 1999) ("The party who brings a suit is master to decide
15  what law he will rely upon.") (Quotation marks and citation omitted.).

16       Defendants argue that Butterfield is squarely on point with plaintiff's case.  In
17  Butterfield, a prisoner raised a due process challenge, and asserted that defendants improperly
18  relied upon false information in his prison file to deny him parole.  Butterfield, 120 F.3d at 1024.
19  The Ninth Circuit stated, "We have no difficulty in concluding that a challenge to the procedures
20  used in the denial of parole necessarily implicates the validity of the denial of parole and,
21  therefore, the prisoner's continuing confinement."  Id.  The Ninth Circuit ultimately affirmed the
22  dismissal of the prisoner's complaint for failure to state a claim because the prisoner's claim
23  implicated the validity of his confinement.  Id. at 1025.

24       In contrast, after Butterfield, the Ninth Circuit decided Bogovich.  In Bogovich, prisoners
25  claimed that the parole board's policy of considering a prisoner's substance abuse history while
26  determining his suitability for parole violates the Americans with Disabilities Act ("ADA").
27  Bogovich, 189 F.3d at 1001.  The Court discussed Butterfield and Neal v. Shimoda, 131 F.3d
28  818 (9th Cir. 1997) (concluding that a sex offender treatment program requiring treatment as a

1  precondition to eligibility for parole was not barred by Heck), and concluded that the ADA claim

2  fell somewhere in the middle. Bogovich, 189 F.3d at 1003. The Court stated:

> Here, appellants challenge one of the numerous factors that the Board considers in determining whether to set a parole date. Appellants do not allege that they have been improperly denied parole, and they do not seek to upset any previous decisions denying parole. Nor would appellants necessarily be entitled to parole or to shorter prison terms if they were successful on the merits of their ADA claim. Rather, appellants contend that, in the future, the Board should not be allowed to discriminate against disabled inmates in its parole decision-making process. If appellants are successful on their ADA claim, the Board might be required, at most, to limit its consideration of substance abuse as a parole factor or make other reasonable accommodations, if and when appellants or similarly situated persons come before the Board for parole consideration.
>
> Although appellants' attack is directed at the Board's decision-making process, success on their claim will not in any way "guarantee parole or necessarily shorten their prison sentences" because the Board will still have the authority to deny their request for parole "on the basis of any of the grounds presently available to it in evaluating such a request." Neal, 131 F.3d at 824.

Id. at 1003-04.

Plaintiff's case is more similar to Bogovich than to Butterfield. In order to determine whether plaintiff's claim is properly brought under Section 1983, this court must decide whether "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641, 647 (1997). Here, unlike Butterfield, plaintiff's retaliation claim does not directly challenge the parole procedures, nor does it challenge due process rights. Rather, his claim is that defendants purposely created a false psychological evaluation, knowing that the evaluation was one of several considerations at his 2008 parole hearing (SAC, Ex. D), in retaliation for plaintiff's exercising his First Amendment rights. Cf. Neal, 131 F.3d at 824. Plaintiff does not allege that his parole was improperly denied. Nor does he argue that the parole denial should be overturned. Rather, he argues that defendants knowingly used an improper psychological evaluation, and, in the future, should not be permitted to do so in consideration of a parole hearing.

In addition, even if plaintiff were successful in this action, it would not necessarily "invalidate the duration of his confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). If successful, plaintiff's claim would not "necessarily spell speedier release." See id. "[A] state

prisoner's § 1983 action is barred . . . - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. In Wilkinson, the Court concluded that the prisoners' challenges could proceed under Section 1983 because success on those challenges did not automatically imply shorter sentences. Rather, the best outcome for each prisoner would result in a "new eligibility review, which will speed consideration of a new parole application," id. at 82, or, "a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." Id. Thus, the Court established that when relief sought in a Section 1983 claim only has a possible, as opposed to necessary, effect on the length of a prisoner's custody, the Heck bar does not apply.

      Similarly, in plaintiff's second amended complaint, plaintiff requested monetary damages, prospective injunctive relief in that the psychological test used on plaintiff no longer be allowed to evaluate prisoners,[1] and declaratory relief in the form of invalidating the results of plaintiff's 2008 evaluation and placement of that invalidation in his prison file. Plaintiff's requests for relief do not include release from imprisonment, or even a re-hearing. Nor can he obtain such relief, if successful in his retaliation claim. Although plaintiff's claim is directed at one factor used in the Board's decision making process, success on his claim will not guarantee a shorter confinement. See Bogovich, 189 F.3d at 1004. Defendants have not shown that a finding that defendants retaliated against plaintiff by creating a false psychological report would "necessarily" or "likely" accelerate his release on parole. See Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003).

      Accordingly, defendants' motion to dismiss is DENIED.

---

[1] The Balisok court was careful to note that a claim for prospective injunctive relief that would bar future unconstitutional procedures may be properly brought pursuant to § 1983. Balisok, 520 U.S. at 648 ("Ordinarily, a prayer for such prospective relief will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983.").

II.     Motion for Summary Judgment

In the alternative, defendants move for summary judgment. Plaintiff has not yet filed an opposition, and has repeatedly asserted that he cannot file his opposition until he has acquired necessary discovery. Indeed, the court previously granted plaintiff's motion for an extension of time based on Rule 56(d). Fed. R. Civ. P. 56(d). Specifically, plaintiff has argued that he requested, but has not received, a copy of the questions asked by defendant Murphy used in his 2008 psychological evaluation, and a copy of the actual answers plaintiff gave.

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery. Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). A party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." Id. at 853-54 (district court correctly denied motion for continuance under Rule 56(f)[2] where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"). "[S]ummary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). In such cases, "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be fruitless with respect to the proof of a viable claim." Id. (internal quotation marks and citation omitted).

At the present time, this discovery dispute continues, and briefing for defendants' motion for summary judgment has been postponed. Defendants have filed a motion for a protective order regarding documents submitted for *in camera* review. Plaintiff has recently filed his opposition to that motion, and defendants must still file their reply. Upon completion of briefing, the court will review the documents filed *in camera*, as well as the submitted briefs, and

---

[2] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d).

1  issue its ruling as to whether plaintiff is entitled to receive such discovery.

2        Having reviewed the underlying papers, and good cause appearing, the court hereby
3  DENIES defendants' motion for summary judgment without prejudice to renewal until all
4  presently pending discovery has been completed.  Upon issuing a ruling regarding the discovery
5  dispute, the court will set a new briefing schedule for any motion for summary judgment.
6  Plaintiff's motion for an extension of time to file his opposition to the motion for summary
7  judgment (docket no. 111) is DENIED as moot.

8                                   **CONCLUSION**

9        Defendants' motion to dismiss is DENIED.  Defendants' motion for summary judgment
10  is DENIED without prejudice to renewal, pursuant to Rule 56(d).  After discovery has been
11  completed, the court will issue a new briefing schedule.

12        This order terminates docket numbers 94, 111, and 131.

13        IT IS SO ORDERED.

14  DATED: _____          *Ronald M. Whyte*
                     RONALD M. WHYTE
15                   United States District Judge

Order Denying Defendants' Motion to Dismiss; Denying Motion for Summary Judgment Without Prejudice
P:\PRO-SE\SJ.Rmw\CR.09\Hall057mtd.wpd    7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G HALL,<br><br>    Plaintiff,<br><br>  v.<br><br>JASMINE A TEHRAN et al,<br><br>    Defendant. | Case Number: CV09-00057 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Gary Hall C-07278
Correctional Training Facility
P.O. Box 689
YW-343up
Soledad, CA 93960-0689

Dated: October 12, 2011

                Richard W. Wieking, Clerk
                By: Jackie Lynn Garcia, Deputy Clerk