IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| Plaintiff, | ) ) | ORDER ADDRESSING PENDING MOTIONS |
| v. | ) ) | |
| JASMINE A. TEHRANI, et al., | ) ) | (Docket Nos. 145, 148, 150, 152, 154, 156, 166) |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court served plaintiff's second amended complaint. The court addresses the following pending motions below.

A.  Motion for Leave to Serve Additional Interrogatories on Defendant Tehrani and to Seek Complete Responses

On March 31, 2011, the court ordered the parties to conclude discovery within 30 days. Close to one year later, on March 15, 2012, plaintiff filed a motion to serve additional interrogatories on defendant Tehrani, and requested permission to seek complete responses from her. Plaintiff also requests to "re-serve" interrogatory numbers 2, 5, 7, and 8 because he does not believe the responses are complete. Plaintiff's untimely request does not demonstrate good cause, and is denied.

B.  Motion to Compel Production of Document Request No. 6

Plaintiff seeks a court order to compel defendant Tehrani to comply with plaintiff's request for production of document number 6. The request specifically requests that Tehrani produce a copy of the BPH Executive Meeting Transcript, dated September 18, 2007, presented by Tehrani and Senior Psychologist Steve Walker.

Plaintiff may file a motion to compel discovery only after he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Unless and until plaintiff files the requisite certification demonstrating that he has conferred with defendants making known his intention to file a motion to compel, the court will not interfere with discovery matters. Defendants are encouraged to respond to plaintiff's discovery requests in a thorough and timely manner. At this time, the motion to compel will be denied without prejudice.

C.  Reconsideration of plaintiff's request for disclosure of actual questions asked and answered at March 3, 2008 interview

On March 30, 2012, the court granted in part and denied in part plaintiff's motion to compel. Plaintiff requested disclosure of the actual questions Murphy asked him, and the actual answers given to Murphy. Defendants moved for nondisclosure, arguing that the document was subject to the official information privilege. The court ordered defendants to produce in camera the Hare PCL-R interview questions and defendant Murphy's notes regarding plaintiff's answers. The court also directed plaintiff to submit the questions he claims were not asked, and the answers he asserts he did not give ("list").

In plaintiff's list, he alleges the following: (1) plaintiff never told defendant Murphy that he was suspended from high school for passing out needles, as reported on page 3 of his evaluation; (2) plaintiff generally argues that Murphy asked a "variety of questions" regarding plaintiff's insight and self-assessment, and the vagueness of that phrase makes it difficult for plaintiff to specifically dispute; (3) on page 4 of the evaluation, Murphy reports that he asked

1  plaintiff about his crime, but plaintiff alleges that he did not provide the answer reported in the
2  evaluation; (4) on page 5 of the evaluation, Murphy reports that he asked plaintiff if there was
3  anything plaintiff had done that he felt sorry for, and plaintiff alleges that he did not provide the
4  answer given; (5) on page 5 of the evaluation, Murphy states that he asked plaintiff his views
5  about the legal system, and plaintiff disputes that he talked about "prison overcrowding," "blacks
6  and browns," or "doing the white man's bidding;" (6) plaintiff alleges that Murphy never
7  questioned him about his ability to take responsibility about his behavior, and plaintiff never
8  answered that he "preferred to focus on the future instead of the past;" and (7) plaintiff claims
9  Murphy did not ask him about his lack of motivation to follow through on the Board's
10 recommendations, nor did plaintiff answer "I didn't get it" while shrugging his shoulders.

   The court has reviewed the 2008 psychological evaluation, the in camera document submitted by defendants, and plaintiff's list, and found that, with respect to the issue of being suspended from high school, Murphy's noted that plaintiff was suspended for two days for passing out some needles in _junior_ high school – not high school.

   Regarding the quotes attributed to plaintiff in the psychological evaluation's "insight/self assessment" section, response when asked about his crime, and answer to whether there was anything plaintiff had done that he felt sorry for – those answers are consistent with the questions asked, and Murphy's corresponding notes.

   With respect to plaintiff's views about the legal system, Murphy summarily notes "talked about overcrowding, etc.," but did not specifically use the words "blacks and browns" or "doing the white man's bidding."

   Regarding plaintiff's assertion that Murphy never questioned plaintiff's ability to take responsibility about his behavior, a closer reading of the evaluation report demonstrates that Murphy was discussing plaintiff's answers from previous years. Plaintiff's quote that he "preferred to focus on the future instead of the past," originated from a psychological evaluation from 1990, as plaintiff noted. It does not appear that Murphy attributed that quote to the underlying interview.

   Finally, regarding plaintiff's claim that Murphy did not ask him about his lack of

1  motivation to follow through the Board's recommendations, nor did plaintiff answer, the court did
2  not find any indication in the questions asked, nor answers received, concerning either
3  petitioner's lack of motivation, or plaintiff's answer to such a question.
4      After carefully comparing plaintiff's list, the 2008 psychological evaluation report, and
5  defendants' in camera document, the court concludes that disclosure of the actual in camera
6  document is unnecessary.  The court's recited comparison of plaintiff's recollection as compared
7  to the contents of the in camera document is sufficient to satisfy plaintiff's discovery needs at this
8  time.  In its previous order, the court balanced plaintiff's need for discovery with defendants'
9  interest in preventing public disclosure of the document.  Specifically, defendants have
10 demonstrated that disclosure of the questions and answers to plaintiff could impact the validity of
11 any future psychological evaluation reports and risk assessments, and, if the document were
12 distributed among other inmates, those inmates could manipulate responses during clinical
13 interviews to generate misleading assessments.  On the other hand, whether plaintiff was asked
14 particular questions and gave particular answers as reported on his psychological evaluation
15 report is potentially relevant to his claim.  However, the court finds that plaintiff does not require
16 access to the in camera document in order to raise a genuine issue of material fact with respect to
17 whether defendants violated his constitutional rights.  The court has provided a comparison
18 suitable for plaintiff's needs, and plaintiff may, for the purpose of preparing any opposition to a
19 motion for summary judgment, rely upon the court's description of the contents.  Further, in view
20 of plaintiff's pro se status, the court, when reviewing the motion for summary judgment, will take
21 into consideration any information in the in camera document that supports plaintiff's claims.
22 See Hart v. Celaya, No. C 06-02519 CW (PR), 2008 WL 1734845, *1 (N.D. Cal. April 11, 2008).
23 In light of the court's review and disclosure to plaintiff of the information he seeks, the court
24 concludes that this alternative procedure can substitute for disclosure of the actual document.
25      Finally, to the extent plaintiff argues that Dr. Kusaj committed perjury, plaintiff is
26 reminded that the court has already ruled on that issue in a previous order.  Plaintiff is also
27 reminded that the sole claim in this action is one of retaliation.  Some of plaintiff's arguments can
28 be construed as challenging the parole board's substantive decision to deny parole which, as the

court has previously stated, fails to state a cognizable claim for relief.

D.     Remaining motions

On January 5, 2012, plaintiff filed a motion requesting the court to determine whether his writings and artwork are protected by the First Amendment. Plaintiff's motion was filed at a time when defendants' motion to dismiss was pending, and plaintiff sought clarification via court order. Because no motion to dismiss is currently pending, and because plaintiff concedes that the motion is now moot (dkt. no. 154 at 9), plaintiff's motion is denied.

On March 5, 2012, plaintiff filed a motion requesting a copy of the court's September 30, 2011 order. The court's docket sheet indicates that the clerk sent a copy of the order on March 7, 2012. Thus, plaintiff's motion is terminated as moot.

On March 20, 2012, plaintiff filed a motion requesting that the court "authenticate" defendant Murphy's credentials under Federal Rule of Civil Procedure 44(a)(1). Specifically, plaintiff wants the court to determine whether Murphy's credentials is "official," and thus, responsive to plaintiff's discovery request. Plaintiff's motion is denied. The court will not interfere in such matters.

On March 23, 2012, plaintiff filed a motion requesting permission to file papers directly with the undersigned judge, pursuant to Federal Rule of Civil Procedure 5(e).[1] Plaintiff asserts that he has not received orders in a timely fashion, and that the court clerk's entries into the docket are incorrectly recorded. Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.     Plaintiff's motion for leave to serve additional interrogatories is DENIED. Plaintiff's motion to compel the production of document request number 6 is DENIED. Plaintiff's motion to compel disclosure of the actual questions asked and answered at the March 3, 2008 interview is GRANTED in part and DENIED in part. Plaintiff's motion requesting the court to determine whether his writings and artwork are protected is DENIED. Plaintiff's motion

---

[1] The court presumes that plaintiff means Federal Rule of Civil Procedure 5(d).

requesting a copy of the court's September 30, 2011 order is MOOT.  Plaintiff's motion requesting the court authenticate defendant Murphy's credentials is DENIED.  Plaintiff's motion requesting permission to file papers directly with the undersigned is DENIED.

      2      No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

          a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

          b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

      3.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.

          a.      In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

>declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.     In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

>The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.     Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    6.     All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document

Order Addressing Pending Motions
G:\PRO-SE\SJ.Rmw\CR.09\Hall057misc3.wpd     7

1  to defendants or defendants' counsel.

2        7.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
3  and all parties informed of any change of address and must comply with the court's orders in a
4  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
5  pursuant to Federal Rule of Civil Procedure 41(b).

6        This order terminates docket numbers 145, 148, 150, 152, 154, 156, and 166.

7      IT IS SO ORDERED.

8  DATED:    JFI FG               *Ronald M. Whyte*
                                RONALD M. WHYTE
9                                  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G HALL, | Case Number: CV09-00057 RMW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JASMINE A TEHRAN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kyle Anthony Lewis
Department of Justice
Office of Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Dated: September 17, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk