IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GARY HALL, JR., | ) | No. C 09-0057 RMW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR |
| v. | ) ) | RECONSIDERATION |
| JASMINE A. TEHRANI, et al., | ) | (Docket Nos. 212, 214, 217) |
| Defendants. | ) ) | |

Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 29, 2013, the court granted defendants' motion for summary judgment. On April 10, 2013, plaintiff filed a motion for reconsideration. Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). See McDowell v. Calderon, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" Id. at 1255 (citation omitted). A district court does not commit clear error warranting

1  reconsideration when the question before it is a debatable one. See id. at 1256.

2      Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where
3  one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect;
4  (2) newly discovered evidence that by due diligence could not have been discovered before the
5  court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of
6  the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v.
7  ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Although couched in broad terms,
8  subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.
9  Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

10      Finally, motions for reconsideration should not be frequently made or freely granted;
11  they are not a substitute for appeal or a means of attacking some perceived error of the court.
12  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).
13  "[T]he major grounds that justify reconsideration involve an intervening change of controlling
14  law, the availability of new evidence, or the need to correct a clear error or prevent manifest
15  injustice." Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989)
16  (citation omitted).

17      Plaintiff alleges, inter alia, that the court's ruling was erroneous for a variety of reasons.
18  Nonetheless, the court finds no grounds that warrant reconsideration. Plaintiff's motion is
19  DENIED.

20      Plaintiff's motion request the court verify disposition of plaintiff's motion for
21  reconsideration is GRANTED. (Doc. No. 214.) Plaintiff's motion requesting that the court
22  order plaintiff's deadline for filing a notice of appeal be tolled is GRANTED to the extent that
23  plaintiff's motion does not conflict with Federal Rules of Appellate Procedure 4(a)(4)(A)(v) and
24  4(a)(4)(A)(vi). (Doc. No. 217.) No further filings will be considered in this closed case.

25      IT IS SO ORDERED.
26  DATED: ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚

    *Ronald M. Whyte*
27      RONALD M. WHYTE
    United States District Judge
28

Order Denying Plaintiff's Motion for Reconsideration
G:\PRO-SE\RMW\CR.09\Hall057recon.wpd     2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD G HALL,

        Plaintiff,

  v.

JASMINE A TEHRAN et al,

        Defendant.

Case Number: CV09-00057 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Gary Hall C-07278  
Correctional Training Facility  
P.O. Box 689  
YW-343up  
Soledad, CA 93960-0689

Dated: November 27, 2013

        Richard W. Wieking, Clerk  
        By: Jackie Lynn Garcia, Deputy Clerk